**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DAVID BRIDGEMAN
ADC #152683                                                                                            PLAINTIFF

V.                          CASE NO. 1:14-CV-00011 KGB/BD

CORPORAL NELDON, et al.                                                                    DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**       **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## II. Background:

On February 14, 2014, Mr. Bridgeman, an Arkansas Department of Correction ("ADC") inmate, filed this action pro se under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from an attack by a fellow inmate. (Docket entry #2, #5)

Defendants have now moved for summary judgment on Mr. Bridgeman's claims against them, arguing that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (#21) Mr. Bridgman has not responded to the Defendants' motion, and the time for doing so has passed.

Based on the undisputed evidence presented, the Court recommends that the Defendants' motion for summary judgment (#21) be GRANTED, and that Mr. Bridgeman's claims be DISMISSED, without prejudice.

## III. Discussion:

### A. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence showing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

    B.    Exhaustion

Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In order to fully exhaust an ADC grievance, an inmate must timely file an informal resolution, a formal grievance, and a grievance appeal to the unit warden, as well as to the ADC Assistant or Deputy Director. (#21-4 at pp.2-3)

In support of her motion for summary judgment, Defendants provide the declaration of Barbara Williams, the ADC Inmate Grievance Coordinator. (#21–4 at p.1) Ms. Williams testifies that Mr. Bridgeman filed four grievances during the time period relevant to this lawsuit. (#21-4 at p.3) Mr. Bridgeman apparently did not appeal any of those grievances through the final level of the grievance process as mandated by the ADC inmate grievance policy. (#21-4 at p.3) Accordingly, Mr. Bridgeman failed to fully exhaust any grievance related to the claims raised in this lawsuit.

Defendants also produce Mr. Bridgeman's affidavit in support of their motion. (#21-6) In his affidavit, Mr. Bridgeman admits that he did not fully exhaust his administrative remedies against any of the named Defendants. (#21-6 at p.3) Mr. Bridgeman explains that he did not appeal his grievance regarding Defendant Neldon to the ADC Deputy Director because he "thought it would be futile." (#21-6 at p.3) Unfortunately for Mr. Bridgeman, his belief as to the value of following the prison's grievance process is irrelevant in determining whether administrative procedures were available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Mr. Bridgeman has not come forward with any evidence establishing any genuine issue of fact regarding exhaustion. As a result, Mr. Bridgeman's claims should be dismissed, without prejudice, for failure to exhaust.

## IV.    Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#21) be GRANTED. Mr. Bridgeman's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 23rd day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE